UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LAFAYETTE REDDRICK, | ) | CASE NO. 1:09 CV1383 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| | ) | |
| J.T. SHARTLE, et al., | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Respondents | ) | |

Pro se Petitioner Lafayette Reddrick filed the above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 against respondents Warden J.T. Shartle at the Federal Correctional Institution in Elkton, Ohio ("F.C.I. Elkton"), the United States of America, the United States Department of Justice and the Federal Bureau of Prisons. Mr. Reddrick, who is incarcerated at F.C.I. Elkton, sought immediate release or placement in the Elderly Offender Home Detention Pilot Program pursuant to the Second Chance Act of 2007. On June 8, 2011, the Clerk of Court received a letter from Petitioner indicating that he had been released from prison and was at home. (ECF No. 5.)

I. *Background*

Mr. Reddrick was indicted in 1995 in the United States District Court for the Southern District of Indiana. Following a trial by jury, Petitioner was convicted of possession of cocaine base with intent to distribute, and of using or carrying a firearm during and in relation to

drug trafficking crime. The court sentenced him to consecutive terms of 235 and 60 months, respectively, for these offenses.

He timely appealed his sentence to the Seventh Circuit Court of Appeals. One argument raised on appeal was that his conviction for using or carrying a firearm during a drug trafficking crime should be reversed in light of <u>Bailey v. United States</u>, 516 U.S. 137 (1995). The Seventh Circuit held that: (1) the search warrant was supported by probable cause; (2) defendant was not entitled to a hearing on his claim that a search warrant was obtained in bad faith; (3) defendant's statements to police were voluntary; (4) Sentencing Guidelines could provide different penalties for offenses involving cocaine and those involving cocaine base; (5) disparate sentencing schemes for cocaine and cocaine base did not violate equal protection; (6) drug found in defendant's residence was cocaine base; and (7) the sentence enhancement for obstruction of justice was proper. <u>United States v. Reddrick</u>, 90 F.3d 1276 (7th Cir. 1996). The case was affirmed in part, but the court vacated petitioner's 18 U.S.C. § 924(c) conviction and the case was remanded to the district court for resentencing. For reasons set forth by the district court,[1] Mr. Reddrick was resentenced to serve 292 months of imprisonment, "57 months more than his original sentence for the drug conviction." (Pet. at 2.)

On April 6, 2009, F.C.I. Elkton Case Manager Kris King recommended petitioner for placement in the Elderly Offender Home Detention Pilot Program. Unit Manager and Warden Shartle also recommended his placement on April 7, 2009 and April 11, 2009, respectively. (Pet.'s Ex. A.) When his Eligibility Review sheet reached the Central Office, however, the

---

[1] Mr. Reddrick claims that a "two-level enhancement for the weapon, which the Petitioner found out on June 5, 2009 . . . should not have been applied to him." (Pet. at 5.)

-2-

recommendation was denied. The decision, signed by the three Assistant Directors of Correctional Programs Division, Administrative Division and Health Services Division, was partially based on petitioner's offense conduct. The Central Office explained that six fully functional firearms, ammunition and a "total drug amount (converted to marijuana) [of] . . . 12,834.62 kilograms" was found at the residence where petitioner was arrested. Moreover, Mr. Reddrick was found guilty of possessing a cell phone in August 2008 at FPC Terre Haute. The Office ultimately determined petitioner "lacks the responsibility to maintain an extended home confinement placement." (Pet.'s Attch. B.) There is no indication petitioner challenged this decision through the administrative review process.

Mr. Reddrick maintains that greater weight should be placed on the recommendations of individuals with whom he has day-to-day contact. This would justify his focus on the warden and case manager's recommendations, while disregarding the Central Office's denial. To support his theory, petitioner challenges any reliance on the fact that firearms were discovered at the time of his arrest. Noting his conviction for "using" a firearm was vacated by the court of appeals, petitioner claims the Central Office cannot refer to the presence of firearms. He claims further that the firearms were not loaded, nor were they "in plain view" at the time he was arrested. During trial testimony it was averred that he did not have a "weapon (specifically-gun) on him at the time of his arrest <u>after he exited the residence</u>." (Pet. at 4)(emphasis added.) Also, he believes all inmates who are found guilty of possessing a cell phone are not "treated equally by the Bureau of Prisons in how the disciplinary sanctions are meted out." (Pet. at 5.)

If the court disregarded the court's two-level enhancement on his sentence and his cell phone infraction, Mr. Reddrick maintains his conduct has been exemplary. Moreover, with his

-3-

good credit time and the removal of the two-level enhancement he believes is misplaced, petitioner maintains he should be immediately released. To deny him eligibility for the Elderly Pilot Program under the Second Chance Act of 2007 is "arbitrary and capricious." Finally, he argues that the Central Office's denial of his request is a "categorical exclusion" in contravention of Arrington v. Daniels, 516 F.3d 1106 (9th Cir. 2008).

## II. *Disparate Treatment*

Mr. Reddrick's concerns regarding disparate treatment of prisoner sanctions, relates to the conditions of his confinement, and hence cannot be asserted in a petition for a writ of habeas corpus. Instead they must be asserted in a civil rights action against federal officials filed pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). When a prisoner files a habeas petition asserting claims which must be raised in a civil rights action, the district court should deny the petition without prejudice to allow the prisoner to assert the claims under the proper method. Martin v. Overton, 391 F.3d 710, 714 (6th Cir. 2004). The court will do so.

## III. *Sentencing Challenges*

Mr. Reddrick's challenge to his sentence enhancement is an attack on his underlying sentence. See United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980) (petitioner's appropriate remedy is under § 2255 and not § 2241 where alleged errors occurred at or prior to sentencing). On this issue, the law is clear, "[t]he exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." Johnson v. Taylor, 347 F.2d 365, 366 (10th Cir. 1965). A § 2255 petition attacks the legality of detention, Barkan v. United States, 341 F.2d 95, 96 (10th Cir.), cert. denied 381 U.S. 940 (1965), and must be filed in the district that imposed the sentence. United States v. Condit, 621 F.2d 1096, 1097 (10th

Cir.1980).

More specifically, § 2255 prohibits a district court from entertaining an application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to § 2255 "if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, <u>unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention</u>." 28 U.S.C. § 2255 (emphasis added). The fact the petitioner may be unable to obtain § 2255 relief "does not establish that the remedy so provided is either inadequate or ineffective." <u>Williams v. United States</u>, 323 F.2d 672, 673 (10th Cir. 1963), <u>cert</u>. <u>denied</u>, 377 U.S. 980 (1964).

Mr. Reddrick never explains why he is not challenging his sentence enhancement pursuant to 28 U.S.C. § 2255. More importantly, no facts suggest the remedy by § 2255 motion is inadequate or ineffective to test the legality of his detention. Therefore, this court lacks jurisdiction to address any attack on the sentence enhancement imposed by the trial court.

IV. *Second Chance Act of 2007*

The court notes that since Petitioner indicates he has been released from prison, his claim under the Second Chance Act is moot. However, if the claim were not moot his petition would be denied.

Mr. Reddrick alleges that he is elderly and qualifies for early release to home confinement pursuant to the Pilot Program for the Elderly. He asserts that this program is part of the Second Chance Act of 2007, codified at 42 U.S.C. § 17501, <u>et seq</u>. The program purportedly grants the Attorney General of the United States the authority to waive the requirements of 18 U.S.C. § 3624 and place certain elderly inmates in home confinement. The Act did amend 18 U.S.C § 3624(c)(1)

to provide that the Director of the BOP shall "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." Second Chance Act § 251, 122 Stat. at 692.

Mr. Reddrick's claims regarding early release to home confinement and calculation of pre-trial custody credit, must both be denied at this juncture for failure to exhaust administrative remedies. Campbell v. Barron, No. 03-5955, 2004 WL 291180 (6th Cir. Feb. 12, 2004)(discussion on the application of § 3624 would be premature, where prisoner had yet to exhaust administrative remedies). Courts require a federal prisoner to exhaust administratively his remedies before filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Urbina v. Thoms, 270 F.3d 292, 295 n. 1 (6th Cir.2001); Cruz v. Beto, 405 U.S. 319 (1972). The administrative remedy process for federal prisoners includes four steps: (1) a request for informal resolution with unit staff; (2) a formal grievance filed with the warden; (3) an appeal to the appropriate regional office; and (4) an appeal to the Central Office. See 28 C.F.R. § 542.10, et seq. Petitioner does not argue in his petition that it would be futile to pursue his administrative remedies, and nothing in the record indicates that it would have been futile at the time or that those remedies could not afford him the relief he requests. See Goar v. Civiletti, 688 F.2d 27, 28-29 (6th Cir.1982). Accordingly, these claims will be denied without prejudice.

## V. *Conclusion*

Accordingly, this action is dismissed without prejudice pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/*SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

August 1, 2011